Opinion
 

 PHELAN, P. J.
 

 Francisco Javier Espino (appellant) timely appeals from his conviction after a jury trial of two counts of infliction of corporal injury
 
 *94
 
 on the mother of his children (Pen. Code, § 273.5),
 
 [1]
 
 and one count of forcible rape of the same victim (§261, subd. (a)(2)). The jury also found true an allegation that appellant used a “deadly weapon” (§ 12022.3), an electrical cord, in the commission of the rape.
 

 Appellant first contends that the trial court committed reversible error by instructing the jury with CALJIC No. 2.90, arguing that this standard “reasonable doubt” instruction, as revised in 1994 and given to the jury in this case, likely caused confusion and permitted a finding of guilt on a lesser showing than is required by the due process clause of the state and federal Constitutions. We reject this argument in the unpublished portion of the opinion. In the published portion we address, and again reject, appellant’s further contention that the trial court erred when it sentenced him to 15 years to life in state prison based on a determination that it had no discretion to strike the mandatory enhancement prescribed by section 667.61. Finally, in the unpublished portion of the opinion, we address appellant’s contention that he was denied eight of presentencing custody credits to which he is entitled. We remand the issue of custody credits to the trial court for clarification and, if necessary, correction. We otherwise affirm the judgment of conviction, including the sentence of 15 years to life in state prison.
 

 I. Factual and Procedural Background
 

 The underlying facts of this case are, for the most part, irrelevant to the issues presented on appeal. Suffice it to say there is substantial evidence in the record to support the jury’s verdict based on incidents on June 26 and July 8, 1995, in which appellant kicked and beat Maria T., a woman he had known for approximately seven years and with whom he had two young children. Ms. T. called the police after the first beating on the evening of June 26. Appellant was arrested but returned later that night, wrapped an electrical cord around her neck, tightened it, and proceeded to rape her.
 

 II. Discussion
 

 A.
 
 The 1994 Revision to CALJIC No. 2.90 Does Not Impermissibly Lower the Prosecution’s Burden of Proof.
 

 *
 

 B.
 
 The Trial Court Had No Discretion to Strike the Section 667.61 Allegation.
 

 Appellant next contends that the trial court erred, as a matter of law, when it determined it had no choice but to sentence him to 15 years to life in
 
 *95
 
 state prison pursuant to section 667.61. The trial court reasoned that the sentence was required because of the jury’s finding on the allegation he used a “deadly weapon,” as that term is defined in section 12022.3, in the commission of the proven violation of section 261, subdivision (a)(2). (§§667.61, subds. (b), (c)(1) & (e)(4).) As discussed in
 
 People
 
 v.
 
 Luckett
 
 (1996) 48 Cal.App.4th 1214 [56 Cal.Rptr.2d 37], the issue here is whether the Legislature has in “unmistakable terms” stated its intention to eliminate the trial court’s power to strike the section 667.61 enhancement in this case.
 
 (Luckett, supra,
 
 at p. 1218.)
 

 In relevant part, section 667.61 provides: “(b) Except as provided in subdivision (a), a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e)
 
 shall he punished
 
 by imprisonment in the state prison for life and shall not be eligible for release on parole for 15 years except as provided in subdivision (j). []0 (c) This section
 
 shall apply
 
 to any of the following offenses: (1) A violation of paragraph (2) of subdivision (a) of Section 261.
 
 [% .
 
 . . [QQ (e) The following circumstances
 
 shall apply
 
 to the offenses specified in subdivision (c): [1 . . . [QQ (4) The defendant personally used a dangerous or deadly weapon or firearm in the commission of the present offense in violation of Section 12022, 12022.3, or 12022.5. [*10 ... [IQ (f) If only the minimum number of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved, that circumstance or those circumstances
 
 shall be used as the basis for imposing the term provided in subdivision (a) or (b) rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. . . .Notwithstanding any other law, the court shall not strike any of the circumstances specified in subdivision (d) or (e).
 
 [*JQ (g) The term specified in subdivision (a) or (b)
 
 shall be imposed
 
 on the defendant once for any offense or offenses committed against a single victim during a single occasion. . . . [Q (h) Probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, any person who is subject to punishment under this section for any offense specified in paragraphs (1) to (6), inclusive, of subdivision (c).” (Italics added.)
 

 The foregoing provisions make unmistakably clear the Legislature’s intent that a sentence of 15 years to life in prison is mandatory for rape accomplished “by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury” (§261, subd. (a)(2)), in the commission of
 
 *96
 
 which the defendant uses a “deadly weapon” (§ 12022.3), and that the trial court has no authority to strike the allegations under section 667.61, which prescribes the enhanced sentence for this particular type of offense. It is not necessary that there be a specific reference to section 1385 to find a legislative intent to abrogate the statutorily conferred discretion of the trial court to strike an enhancement allegation.
 
 (People
 
 v.
 
 Superior Court (Rom
 
 ero) (1996) 13 Cal.4th 497, 518-519 [53 Cal.Rptr.2d 789, 917 P.2d 628].)
 

 The results in
 
 Romero
 
 and
 
 Luckett
 
 are not to the contrary.
 
 Romero
 
 involved an attempt by the Legislature to condition the power of a court to act on the agreement of the prosecutor.
 
 (People
 
 v.
 
 Superior Court (Romero), supra,
 
 13 Cal.4th at p. 513.) Such a condition would violate the separation of powers doctrine established by the California Constitution.
 
 (Ibid.)
 
 Furthermore, the portion of section 667.61, subdivision (f), which clearly states that “the court
 
 shall not strike
 
 any of the circumstances specified in subdivision . . . (e),” distinguishes the statute here from those at issue in
 
 Romero
 
 (§§ 667, 1170.12), and
 
 Luckett
 
 (§ 667.9).
 
 [2]
 
 Having been pled and proven, the circumstances which give rise to the increased punishment prescribed by 667.61 “shall not” be stricken
 
 (id.,
 
 subd. (f)).
 

 C.
 
 The Issue of Custody Credits Will Be Remanded to the Trial Court for Clarification and, If Necessary, Correction
 

 *
 

 III. Conclusion
 

 The cause is remanded to the trial court for clarification and, if necessary, correction of the issue of custody credits. The judgment of conviction,
 
 *97
 
 including the sentence of 15 years to life in state prison, is in all other respects affirmed.
 

 Corrigan, J., and Walker, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied May 14, 1997. Mosk, J., and Werdegar, J., were of the opinion that the petition should be granted.
 

 [1]
 

 All statutory references are to the Penal Code unless otherwise indicated.
 

 *
 

 See footnote,
 
 ante,
 
 page 92.
 

 [2]
 

 We are unmoved by appellant’s argument that amendments to section 1203.066, which were enacted along with section 667.61 and specified certain child molestation offenses for which a finding of probation ineligibility could not be stricken pursuant to section 1385 (see Stats. 1994, ch. 447; § 1203.066, subd. (a)), demonstrate a legislative intent to preserve the power to strike enhancement allegations for offenses—like the forcible rape charge in this case—that were not enumerated in the 1994 amendments. Section 667.61 covers a broader range of felony sex offenses than does section 1203.066, and independently addresses the issues of probation ineligibility (§ 667.61, subd. (h)) and the striking of enhancing allegations
 
 (id..,
 
 subd. (f)) when one or more of those offenses are committed under specified circumstances.
 

 *
 

 See footnote,
 
 ante,
 
 page 92.