[No. F043088. Fifth Dist. June 16, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
JAVIER ANTONIO RIVAS, Defendant and Appellant.

COUNSEL

Jerry D. Whatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

VARTABEDIAN, P. J.—Does the "One Strike" law (Pen. Code, § 667.61)[1] preclude the trial court from exercising its discretion at sentencing pursuant to section 1385 to strike sentencing factors that are alleged and proved under a separate sentencing provision but are "additional" to those necessary to find that a defendant is subject to the One Strike law? This is the sole issue raised

---

[1] All future code references are to the Penal Code.

on this appeal by defendant Javier Antonio Rivas, who was convicted by jury of forcible rape, kidnapping, and assault by means of force likely to produce great bodily injury. In addition, three triggering circumstances under the One Strike law were found true, as well as a prior serious felony conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e).)

Critical to this appeal, one of the triggering circumstances not utilized under the One Strike law, personal infliction of great bodily injury, was used at sentencing to enhance the sentence by five years pursuant to section 12022.8. The trial court determined it had no discretion to strike this additional punishment. We disagree and remand to allow the trial court to determine whether to exercise its discretion.

## Facts[2]

The victim spent New Year's Eve of 2002 celebrating with friends at a bar where she worked. She left the bar and began her walk home after 12:30 a.m. Defendant grabbed the victim by her hair and by her coat. The victim fought, but defendant was able to drag her through a parking lot and then into a dark area between a mobilehome and a shed. Defendant held the victim down and repeatedly punched her in the face. The victim continued to fight and bit defendant on the torso. The victim may have lost consciousness during the assault. Defendant raped the victim. After raping her, he leaned over her and called her a "bitch." He walked away.

During the attack, the victim lost one tooth; later she lost another tooth that had been loosened. When first interviewed by police after the assault, the victim had a hard time speaking because all of her teeth were loosened. She now wears bridges and partials to correct the damage. In addition, the victim had two black eyes and her left eye had a subconjunctival hemorrhage. She suffered a nasal fracture and swelling.

Based on the above facts, defendant was convicted in count I of forcible rape. (§ 261, subd. (a)(2).) With respect to count I, the jury found that defendant committed three of the triggering circumstances in section 667.61—kidnapping where the movement of the victim increased the level of harm to the victim over and above the level of risk necessarily inherent in the charged offense (§ 667.61, subd. (d)(2)); kidnapping in violation of section 207, 208, 209 or 209.5 (§ 667.61, subd. (e)(1)); and personal infliction of

---

[2] The facts are not in dispute. We set forth a brief summary for background purposes.

great bodily injury on the victim in the commission of the offense (§ 667.61, subd. (e)(3).) In addition, because the jury found that defendant inflicted great bodily injury on the victim during the rape, the court determined he was subject to a five-year enhancement pursuant to section 12022.8.[3] Allegations of defendant's prior serious felony within the meaning of the Three Strikes law and a prior prison term (§ 667.5, subd. (b)) were also found true.[4]

At sentencing, defense counsel asked the court to consider dismissing the five-year section 12022.8 great bodily injury enhancement. The reason for the request was that during plea negotiations defendant was told he would be facing a maximum term of 56 years to life when in fact the maximum term was 61 years to life. Defense counsel argued that striking the five-year enhancement was appropriate in the interest of fairness and would result in a sentence, at maximum, in line with the maximum limitation represented to him at the time he refused the offered plea bargain.

The trial court questioned whether section 667.61, subdivision (f) precluded an exercise of discretion to strike the 12022.8 enhancement. The parties discussed the matter, and the court stated that it was taking the position that it has no discretion to strike the section 12022.8 allegation based on the language contained in section 667.61, subdivision (f). The court determined that defendant's minimum term was 25 years to life pursuant to the One Strike law (§ 667.61); it then doubled that term to 50 years to life pursuant to the Three Strikes law (§ 667).[5] The court then stated it had no discretion in the matter and ordered an additional commitment of five years pursuant to section 12022.8. The sentence was further enhanced by five years pursuant to section 667, subdivision (a), for a total term of 60 years to life.[6]

---

[3] Section 12022.7 is the great bodily injury enhancement. Section 12022.8 provides for increased punishment if a defendant commits great bodily injury as provided by section 12022.7 during the commission of specified sex offenses.

[4] Defendant was also convicted of kidnapping (count II) and assault by means of force likely to cause great bodily injury (count III). The sentences on these convictions were stayed and they are not relevant to our discussion.

[5] The court denied defendant's request that it strike defendant's second strike under the Three Strikes law, having recognized it had discretion in that regard.

[6] After striking a one-year enhancement found true under section 667.5, subdivision (b), the court at one point expressed a total sentence of 60 years to life. Later, when it summarized the total sentence, it stated, "The total term is a 50 years to life sentence plus determinate sentence of 11 years." The court misspoke when it stated the sentence was an 11-year determinate sentence; the abstract of judgment in the record correctly reflects the determinate components of the sentence totaled 10 years.

## Discussion

■ Section 667.61, the One Strike law, mandates indeterminate sentences of 15 or 25 years to life for specified sex offenses that are committed under one or more triggering circumstances. A sentence of 25 years to life is required when the defendant is convicted of a current offense listed in subdivision (c) "under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e)." (§ 667.61, subd. (a).)

As stated in the jury's findings, defendant here committed one triggering circumstance under subdivision (d)(2) (that he kidnapped the victim and the movement increased the risk of harm to the victim) and two circumstances under subdivision (e) (that he kidnapped the victim [subd. (e)(1)], and personally inflicted great bodily injury [subd. (e)(3)]). Thus, because defendant met the requirements under subdivision (d)(2) utilizing only the kidnapping with increased risk circumstance, the finding of infliction of great bodily injury was not necessary in order to impose punishment under section 667.61, subdivision (a). The great bodily injury circumstance was also alleged and found true separately as an enhancement under section 12022.8.

Subdivision (f) of section 667.61 details how a court should impose sentence when only the minimum number of circumstances have been found true and also sets forth how the trial court should impose sentence if circumstances in addition to the minimum number of circumstances have been pled and proved. It provides: "If only the minimum number of circumstances specified in subdivision (d) or (e) which are required for the punishment provided in subdivision (a) or (b) to apply have been pled and proved, that circumstance or those circumstances shall be used as the basis for imposing the term provided in subdivision (a) or (b) rather than being used to impose the punishment authorized under any other law, unless another law provides for a greater penalty. However, if any additional circumstance or circumstances specified in subdivision (d) or (e) have been pled and proved, the minimum number of circumstances shall be used as the basis for imposing the term provided in subdivision (a), and any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law. Notwithstanding any other law, the court shall not strike any of the circumstances specified in subdivision (d) or (e)." (*Ibid.*)

Defendant agrees that the great bodily injury "circumstance" could not be stricken under section 667.61, so as to make him eligible for less than a life sentence. But defendant argues that once a life term with a minimum 25-year parole eligibility has been imposed, an additional circumstance (here great

bodily injury) must be imposed, if at all, under provisions found outside of section 667.61. Once the circumstance is not utilized under section 667.61, it is subject to the rules that apply independently of section 667.61. In this instance, defendant claims the trial court had discretion to strike the great bodily injury enhancement pursuant to section 1385.

Respondent disagrees and maintains that the language of section 667.61, subdivision (f), mandates that the trial court must impose the additional circumstances as authorized under any other law, leaving the trial court with no discretion to dismiss additionally pled and proven circumstances under section 667.61, subdivision (f), or under the more general provisions of section 1385.

Under section 1385 a trial court has the power to dismiss or strike an enhancement. "Absent a clear legislative direction to the contrary, a trial court retains its authority under section 1385 to strike an enhancement." (*People v. Thomas* (1992) 4 Cal.4th 206, 210 [14 Cal.Rptr.2d 174, 841 P.2d 159].) But, "it is not necessary that the Legislature expressly refer to section 1385 in order to preclude its operation." (*Id.* at p. 211.)

"Clear legislative intent to abrogate trial courts' authority to strike under Penal Code section 1385 may be found in express statutory language." (*People v. Wilson* (2002) 95 Cal.App.4th 198, 201 [115 Cal.Rptr.2d 355]; see §§ 1385, subd. (b), 12022.53, and 1385.1.) "In addition to being found in express statutory language, clear legislative intent to abrogate trial courts' authority to strike under section 1385 exists where there is a statutory scheme designed to effect a particular result and where the invocation of section 1385 would nullify that result." (*People v. Luckett* (1996) 48 Cal.App.4th 1214, 1219 [56 Cal.Rptr.2d 37].)

Respondent argues that the use of the word "shall" within section 667.61, subdivision (f), demonstrates the court's lack of discretion. Respondent relies on *People v. Espino* (1997) 53 Cal.App.4th 92 [61 Cal. Rptr. 2d 350] to support this position. The jury there found Espino had used a deadly weapon in the commission of a rape. The trial court sentenced him to a term of 15 years to life pursuant to section 667.61. He appealed, claiming the trial court erred when it determined it had no choice but to impose the sentence mandated by section 667.61. The appellate court found that when the Legislature stated "the court *shall not strike* any of the circumstances specified in subdivision . . . (e)," the Legislature clearly intended the sentence to be mandatory even though subdivision (f) did not contain an express reference to section 1385. (*Espino* at p. 96.) "Having been pled and proven, the circumstances which give rise to the increased punishment prescribed by 667.61 'shall not' be stricken." (*Ibid.*)

Defendant agrees that, consistent with *Espino,* the trial court may not strike circumstances subjecting a defendant to the increased sentence set forth in section 667.61. Defendant argues, however, that once a defendant meets the criteria of section 667.61 the trial court may appropriately strike an enhancement, now an additional circumstance, which would result in additional punishment for the defendant over and above the sentence incurred by reason of section 667.61.

Thus we must determine whether this last sentence of section 667.61, subdivision (f)—"the court shall not strike any of the circumstances specified in subdivision (d) or (e)"—was intended by the Legislature to apply to any enhancement that could have been utilized under section 667.61 but was not utilized because it is an "additional circumstance."

Initially, we observe: "General mandatory language, such as 'shall'. . . is insufficient to support a finding of legislative intent to divest trial courts of discretion under Penal Code section 1385 to strike enhancements." (*People v. Wilson, supra,* 95 Cal.App.4th at p. 202.) The use of the word "shall" in section 667.61, subdivision (f), where the Legislature states that "any other additional circumstance or circumstances shall be used to impose any punishment or enhancement authorized under any other law," without more, is not sufficient to demonstrate an intent to divest the trial court of discretion under section 1385 to strike an enhancement found to be an additional circumstance not necessary to the imposition of punishment pursuant to section 667.61. Nor is the introductory language of "notwithstanding any other law," without other indicia of legislative intent, sufficient to divest discretion. (*Wilson* at p. 202.)

■ More specifically, we note that throughout section 667.61 the Legislature refers to the items listed in subdivisions (d) and (e) as "circumstances." Such circumstances bring the defendant within the sentencing provisions of section 667.61. Once a circumstance becomes an "additional circumstance" not necessary for punishment under section 667.61, it "shall be used to impose any punishment or enhancement authorized under any other law." Thus, once the circumstance becomes additional it is not subject to sentencing under section 667.61 but can be imposed under the other laws of this state. The final sentence of section 667.61, subdivision (f) states, "[T]he court shall not strike any of the circumstances specified in subdivision (d) or (e)." From this series of references to different forms of circumstances, we are convinced that the Legislature intended only to limit the trial court's discretion under section 1385 when an allegation is used as a circumstance for purposes of section 667.61, not when it is an additional circumstance not necessary under section 667.61. An "additional circumstance" is treated under other laws applicable to that particular finding.

Although we have found no cases determining this precise issue, case law supports an interpretation that the court retains discretion to strike additional punishment when the defendant is sentenced outside of section 667.61. The appellate court in *People v. Johnson* (2002) 96 Cal.App.4th 188 [116 Cal.Rptr.2d 742] made this finding, without discussion, in footnote 13: "Although it has been determined that a trial court has no authority to strike any of the circumstances specified in subdivision (d) of section 667.61 once they have been pled and proved (*People v. Jackson* (1998) 66 Cal.App.4th 182, 193–194 [77 Cal.Rptr.2d 564]; *People v. Estrada* (1997) 57 Cal.App.4th 1270, 1277 [67 Cal.Rptr.2d 596]; *People v. Espino* (1997) 53 Cal.App.4th 92, 94–96 [61 Cal.Rptr.2d 350]), nothing in section 667.61 precludes a court from striking the punishment for those circumstances where the defendant is sentenced under an alternative sentencing scheme." (*Johnson* at p. 209, fn. 13, disapproved on other grounds in *People v. Acosta* (2002) 29 Cal.4th 105, 134, fn.13 [124 Cal.Rptr.2d 435, 52 P.3d 624].)

Support for this conclusion is found in the California Supreme Court case of *People v. Hammer* (2003) 30 Cal.4th 756 [134 Cal.Rptr.2d 590, 69 P.3d 436]. In *Hammer,* the defendant was convicted of two counts of committing lewd acts upon a child under the age of 14 years (§ 288, subd. (a)) and one count of committing lewd acts upon a child under the age of 14 years by use of force (§ 288, subd. (b)(1)). He had suffered a prior conviction for violating section 288, subdivision (a). The defendant was thus convicted of a current offense listed in section 667.61, subdivision (c). The question on appeal was whether his prior sexual offense qualified as a triggering circumstance under section 667.61, subdivision (d)(1) mandating that his sentence be calculated using the One Strike law. The Supreme Court found that his prior offense was a triggering circumstance and the One Strike law applied. In formulating its disposition of the case, the Supreme Court noted that case law (*People v. Acosta, supra,* 29 Cal.4th at pp. 128–134; *People v. Murphy* (2001) 25 Cal.4th 136, 157 [105 Cal.Rptr.2d 387, 19 P.3d 1129]) established that the same prior conviction may be used for sentencing under both the One Strike law and the Three Strikes law. Thus, defendant's prior sexual offense could be utilized to trigger the One Strike law and could also be utilized to double defendant's One Strike term under the Three Strikes law. Under the One Strike law, the court noted: "the law [section 667.61] expressly divests trial courts of authority to avoid these severe sentences: it provides that courts are barred from exercising their traditional discretion to 'strike' any of the triggering circumstances specified in the One Strike law. (*Id.*, subd. (f).)" (*Hammer* at p. 761.)

The Supreme Court remanded the case to the trial court "for consideration of sentencing under the Three Strikes law—specifically to allow the trial court to exercise its discretion under *People v. Superior Court (Romero)* [(1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]] to 'strike' the

prior section 288, subdivision (a) conviction for Three Strikes purposes, or instead impose the sentence-doubling provisions of the Three Strikes law [citation] upon defendant, a 'second strike' offender." (*People v. Hammer*, *supra*, 30 Cal.4th at p. 771.)

Thus in *Hammer*, the fact that the prior conviction was alleged as a triggering circumstance did not preclude the trial court from exercising its discretion to strike the prior conviction finding when it was being utilized outside of the sentencing criteria of section 667.61.

■ We agree with defendant's interpretation of section 667.61, subdivision (f) and find that the trial court retains its discretion under section 1385 to strike a sentence enhancement when that enhancement is being considered for sentencing outside of section 667.61 and other laws do not restrict the trial court's discretion.

Respondent contends that even if the language of section 667.61, subdivision (f) is not found to mandate restriction of the trial court's discretion for the great bodily injury enhancement, the facts supported the great bodily injury enhancement and thus there is no basis to strike the enhancement. Respondent claims that a striking of the enhancement would cause great injustice.

■ The court may strike an enhancement under section 1385 "in furtherance of justice." There would be no reason for section 1385 if the test focuses on whether the evidence supports the enhancement. If the evidence does not support the enhancement, the enhancement must be dismissed; discretion is not involved.

We are aware the victim here sustained great bodily injury. The reason for the request to strike the section 12022.8 enhancement has nothing to do with the extent of the injuries but concerns the argument that defendant was misadvised during plea negotiations on the maximum sentence he could receive. The trial court did not simply reject the request to strike the great bodily injury enhancement but engaged in a discussion with the parties about whether it had any discretion at all. When the court imposed the enhancement it stated, "the Court determining it has no discretion does order an additional commitment of five years pursuant to Section 12022.8."

■ The trial court expressly stated it acted based on its belief it had no discretion to strike the great bodily injury enhancement. We are compelled, based upon the above discussion, to find the trial court does have such discretion and thus erred. Furthermore, because there is nothing in the record that tells us whether the court would have exercised its discretion in

favor of defendant on this point had it known it had a choice, we cannot say the error is harmless. The matter must be remanded to the trial court to permit it to exercise its discretion if it so chooses.

## Disposition

The matter is remanded for a new sentencing hearing for the limited purpose of giving the trial court the opportunity to exercise its discretion to strike the great bodily injury enhancement under section 1385 if it so chooses.[7] In all other respects, the judgment is affirmed.

Wiseman, J., and Cornell, J., concurred.

A petition for a rehearing was denied July 9, 2004, and respondent's petition for review by the Supreme Court was denied September 22, 2004. George, C. J., did not participate therein.

---

[7] We note that the abstract of judgment states that a five-year enhancement was imposed pursuant to section "664(A)." The enhancement was imposed pursuant to section 667, subdivision (a). The abstract of judgment needs correction to reflect the proper code section.