Filed 9/4/14  P. v. Newson CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>PAUL NEWSON, JR., et al.<br><br>   Defendants and Appellants. | B251822<br><br>(Los Angeles County<br>Super. Ct. No. KA101394) |

APPEALS from judgments of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Reversed in part, affirmed in part, with directions.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant Paul Newson, Jr.

Lise M. Breakey, under appointment by the Court of Appeal, for Defendant and Appellant Barrett Johnson.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

A jury convicted codefendants, Paul Newson, Jr. and Barrett Johnson, of first degree residential burglary with a person present. (Pen. Code,[1] §§ 459, 667.5, subd. (c)(21).) The jury also convicted Mr. Johnson of evading a peace officer, a misdemeanor. (Veh. Code, § 2800.1, subd. (a).) Mr. Johnson was sentenced to four years in state prison. The trial court found Mr. Newson had sustained prior convictions and served prior prison terms. (§§ 667, subds. (a)(1), (b)-(i), 667.5, subd. (b), 1170.12.) Mr. Newson was sentenced to 36 years to life in state prison.

# II. THE EVIDENCE

On March 27, 2013, defendants broke into a home occupied by a grandmother and granddaughter. The granddaughter was at home alone when the break-in occurred. The granddaughter telephoned an emergency operator. She then hid in a bathroom. The granddaughter heard sirens. Defendants fled but were arrested shortly thereafter.

Following his arrest, Mr. Newson was transported to a hospital emergency room. He had a very fast heartbeat and low blood pressure. He was treated for dehydration. Mr. Newson spoke to an emergency room physician, Dr. Dan Kiss. Mr. Newson said he had used crack cocaine and marijuana. According to Dr. Kiss, Mr. Newson's symptoms were consistent with drug use.

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

# III.  DISCUSSION

## A.  Mr. Newson's Appeal

### 1.  The trial court did not abuse its discretion denying
### Mr. Newson's motion to dismiss his prior felony conviction

Mr. Newson contends the trial court erred in denying his motion to strike a single prior serious felony conviction allegation.  (§ 1385, subd. (a); *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504.)  Defendant was found to have committed two prior first degree burglaries.  A trial court's ruling on a defense motion to strike a prior serious or violent felony conviction allegation or finding is fact-based.  Our Supreme Court has held:  "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding . . . 'in furtherance of justice' pursuant to . . . section 1385[, subdivision] (a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [sentencing] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; accord, *In re Large* (2007) 41 Cal.4th 538, 552.)  Here, the trial court ruled:  "I heard no educational information about how he was progressing, no residency information about how he's progressing, no background, character, or prospects were apparent under the *Williams* test.  [¶]  And I noted that his first brush with the law was as a juvenile [burglar] back in [20]04.  That's 10 years ago, a year between the [two] burglaries . . . .  [¶]  None of these things seemed to have any effect upon him.  He has not learned at all.  The only good things would be there was no weapon actually used and fairly young age.  [¶]  But overall, he does not in any way,

3

shape, or form fall outside the spirit of [three] strikes. He's right square in the center of the whole reason that [three] strikes was passed."

Our review is for an abuse of discretion. (*People v. Clancey* (2013) 56 Cal.4th 562, 581; *People v. Carmony* (2004) 33 Cal.4th 367, 373; *People v. Romero, supra,* 13 Cal.4th at p. 531.) Our Supreme Court has explained that in applying the abuse of discretion standard in the present context, we are guided by two essential principles: "First, '"[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review."' (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978, quoting *People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831.) Second, a '"decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"' ([*People v. Superior Court (Alvarez), supra,* 14 Cal.4th] at p. 978, quoting *People v. Preyer* (1985) 164 Cal.App.3d 568, 573.) Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony, supra,* 33 Cal.4th at pages 376-377; see *People v. Clancey, supra,* 56 Cal.App.4th at pp. 580-581.)

There was no abuse of discretion. Mr. Newson was a juvenile when he first came into contact with law enforcement authorities. Mr. Newson was arrested by Pasadena police officers for burglary in December 2004, when he was 13 years old. The matter was dismissed. Four years later, however, on August 6, 2008, Mr. Newson was arrested by Pasadena police officers for a second time. He was 17 years old. A juvenile petition for unlawful driving or taking of a vehicle in violation of Vehicle Code section 10851, subdivision (a), was sustained. Mr. Newson was placed home on probation. Jurisdiction terminated on August 7, 2009. One year later, on September 17, 2010, Mr. Newson, now an adult, was cited in Pasadena for driving without a license. (Veh. Code, § 12500, subd.

4

(a).) On November 29, 2010, he was found guilty of an infraction. On September 23, 2010, Mr. Newson was arrested in Burbank for burglary. (§ 459.) One month later, on October 5, 2010, Mr. Newson was arrested in La Verne for burglary, receiving stolen property and driving without a license. (§§ 459, 496, subd. (a); Veh. Code, § 12500, subd. (a).) On January 5, 2011, Mr. Newson was convicted of first degree burglary in superior court case No. KA092144. He was sentenced to four years in state prison. Mr. Newson was also convicted of first degree burglary in case No. GA078743 and sentenced to four years in state prison. Mr. Newson was paroled on November 3, 2012. Shortly thereafter, on December 7, 2012, Mr. Newson was cited in Pasadena for driving without a license. (Veh. Code, § 12500, subd. (a).) On February 18, 2013, Mr. Newson's infraction was charged as a violation of his parole in his two burglary cases. On March 25, 2013, he was convicted of an infraction. The parole violation allegation was dismissed in furtherance of justice. And two days later, on March 27, 2013, Mr. Newson committed the present burglary, a crime that posed a risk to human life. (*People v. Montoya* (1994) 7 Cal.4th 1027, 1042-1043; *People v. Estrada* (1997) 57 Cal.App.4th 1270, 1281.) Mr. Newson was on parole when he committed the present offense. His prior incarceration had no apparent effect on him. There was no evidence he had a permanent home. There was no evidence he was employed. In addition, Mr. Newson was a gang member. He had been identified by police officers as being a gang member. And evidence was presented at trial that Mr. Newson was a gang member. When arrested, Mr. Newson, according to Dr. Kiss, was under the influence of drugs. According to the probation officer's pre-conviction report, there was no indication of significant physical, mental or emotional health problems.

Mr. Newson briefly argues: "[T]he [trial] court struck one of co-defendant [David Tyler] Wells'[s] prior strikes, notwithstanding the fact that [Mr. Newson] and [Mr.] Wells had almost identical prior criminal histories and their involvement in this case was almost identical. . . . [Mr. Newson] contends that there is simply no rational basis to treat these two individuals differently." We disagree. First, Mr. Newson does not cite the record in support of this contention. Thus, this contention is forfeited. (*People v.*

5

*Johnigan* (2011) 196 Cal.App.4th 1084, 1097-1098; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)  Second, Mr. Wells's criminal history was less extensive than Mr. Newson's.  Mr. Wells had no juvenile history and only one prior felony conviction. This alone was a rational basis to differentiate between Mr. Newson and Mr. Wells.[2]

No abuse of discretion occurred given that the record as a whole shows: Mr. Newson engaged in repeated criminal conduct; he failed to perform successfully on parole; he committed a new first degree burglary four months after his release from prison; and his crime involves the danger inherent in burglarizing a residence with a victim present.  (See, e.g., *People v. Carmony, supra,* 33 Cal.4th at pp. 376-379; *People v. Leavel* (2012) 203 Cal.App.4th 823, 836-838; *People v. Philpot* (2004) 122 Cal.App.4th 893, 904-907.)  The trial court considered relevant facts and reached an impartial decision.  (*People v. Carmony, supra,* 33 Cal.4th at p. 378; *People v. Zichwic* (2001) 94 Cal.App.4th 944, 961; *People v. Myers* (1999) 69 Cal.App.4th 305, 309-310.) No extraordinary circumstances caused Mr. Newson to fall outside the spirit of the sentencing scheme.  (*People v. Vargas* (2014) 59 Cal.4th 635, 641-642; *People v. Carmony, supra,* 33 Cal.4th at p. 378; *People v. Philpot, supra,* 122 Cal.App.4th at pp. 904-907.)

2. Mr. Newson's sentence does not violate the State or Federal Constitutions

Mr. Newson argues his 36-year-to-life sentence is so grossly disproportionate to his offense as to violate the state and federal Constitutions.  (U.S. Const., 8th Amend.; Cal. Const. Art. I, § 17.)  He directs his argument to the nature of the offense and the offender.  He does not compare his punishment with that in this or other jurisdictions. Mr. Newson asserts:  he was a nonviolent offender; he had no history of violence or weapon use; no one was ever physically injured as a result of his criminal conduct; he did not know there was a person present when he committed the present burglary; he was not

---

[2] Mr. Wells abandoned his appeal from his conviction in the present case.

carrying duct tape or rope or any other item indicating an expectation there would be a person present; and there is no evidence a person was present during any of his prior burglaries.

Mr. Newson forfeited this argument by failing to raise it in the trial court. (*In re Seaton* (2004) 34 Cal.4th 193, 197-198; cf. *People v. Skiles* (2011) 51 Cal.4th 1178, 1189 [failure to object to admission of exhibit on constitutional grounds]; *People v. Tafoya* (2007) 42 Cal.4th 147, 166 [failure to object on constitutional grounds to ruling precluding cross-examination].) Even if not forfeited, the contention is without merit. The Eighth Amendment forbids sentences that are grossly disproportionate to the crime. (*Ewing v. California* (2003) 538 U.S. 11, 23; *Solem v. Helm* (1983) 463 U.S. 277, 284, 286-288.) Similarly, the California Constitution prohibits a sentence "so disproportionate to the crime for which it is inflicted" the conscience is shocked and fundamental notions of human dignity are offended. (*In re Lynch* (1972) 8 Cal.3d 410, 424; accord, *People v. Lucero* (2000) 23 Cal.4th 692, 739-740.) In determining as a matter of law whether a sentence is cruel or unusual, we consider the circumstances of the offense. This includes the motive, the extent of the defendant's involvement and the manner in which the crime was committed. (*People v. Gonzales* (2012) 54 Cal.4th 1234, 1300; *People v. Lucero, supra,* 23 Cal.4th at p. 739.) We also consider the defendant's personal circumstances including age, criminal history and mental capabilities. (*People v. Gonzales, supra,* 54 Cal.4th at p. 1300; *People v. Lucero, supra,* 23 Cal.4th at p. 739.)

Mr. Newson's 36-year-to-life sentence did not violate the federal or state Constitutions. (*Ewing v. California, supra,* 538 U.S. at pp. 22-24, 28-30; *In re Coley* (2012) 55 Cal.4th 524, 528-531.) Mr. Newson began committing crimes when he was a juvenile. He was arrested for burglary when he was 13 years old, although the charges were dismissed. He was first found to have committed a crime, unlawfully taking a vehicle, while still a juvenile. He has continued to commit criminal acts as an adult. He has committed multiple first degree burglaries, including the current offense. He committed the present offense while on parole. He committed the present offense four months after he was released from state prison. Each of Mr. Newson's burglaries posed a

7

substantial risk to human life.  (*People v. Montoya, supra,* 7 Cal.4th at pp. 1042-1043; *People v. Estrada, supra,* 57 Cal.App.4th at p. 1281.)  No constitutional violation occurred by reason of Mr. Newson's 36 year-to-life sentence.  (*Ewing v. California, supra,* 538 U.S. at pp. 28-31 [plur. opn.]; *Rummel v. Estelle* (1980) 445 U.S. 263, 284-285; *In re Coley, supra,* 55 Cal.4th at pp. 553-561; *People v. Romero* (2002) 99 Cal.App.4th 1418, 1424; see e.g., *People v. Ingram* (1995) 40 Cal.App.4th 1397, 1412-1417, disapproved on another point in *People v. Dotson* (1977) 16 Cal.4th 547, 560, fn. 8 [61 years to life for two residential burglaries with prior residential burglaries]; *People v. Cline* (1998) 60 Cal.App.4th 1327, 1337-1338 [25 years to life for  grand theft and residential burglary with 12 prior residential burglaries].)

3.  There was substantial evidence Mr. Newson's two section 667, subdivision (a)(1) priors were brought and tried separately

Mr. Newson challenges the sufficiency of the evidence his two prior section 667, subdivision (a)(1) convictions were "bought and tried separately" as statutorily required. Section 667, subdivision (a)(1) states in pertinent part:  "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction *on charges brought and tried separately.*"  (Italics added.)  Here, the abstract of judgment shows Mr. Newson pled guilty on January 5, 2011, to first degree burglary in two separate cases—case Nos. KA092144 and GA078743.  He was concurrently sentenced to four years.  He received credit for 139 days in custody and 93 days of conduct credit in case No. KA092144.  He received credit for 144 days in custody and 96 days of conduct credit in case No. GA078743.  This was substantial evidence Mr. Newson's prior felony convictions were on charges brought and tried separately.  (*People v. Wiley* (1995) 9 Cal.4th 580, 594; *People v. Shea* (1995) 39 Cal.App.4th 1257, 1272; *People v. Smith*

8

(1992) 7 Cal.App.4th 1184, 1189-1193 & fn. 4; see *People v. Soria* (2010) 48 Cal.4th 58, 63-64 & fn. 5.)

### 4. The judgment must be modified

A sentence cannot be enhanced for a prior conviction (§ 667, subd. (a)(1)) *and* for a prior separate prison term (§ 667.5, subd. (b)) for the same conviction. (*People v. Jones* (1993) 5 Cal.4th 1142, 1144-1145, 1150; *People v. Perez* (2011) 195 Cal.App.4th 801, 805; *People v. Garcia* (2008) 167 Cal.App.4th 1550, 1562; *People v. Harris* (1994) 22 Cal.App.4th 1575, 1585-1586.) The judgment must be modified to strike the one-year enhancement under section 667.5, subdivision (b). (*People v. Jones, supra,* 5 Cal.4th at p. 1153; *People v. Perez, supra,* 195 Cal.App.4th at p. 805; *People v. Harris, supra,* 22 Cal.App.4th at p. 1585; but see *People v Brewer* (2014) 225 Cal.App.4th 98, 102-107 [impose and stay]; *People v. Walker* (2006) 139 Cal.App.4th 782, 794, fn. 9 [impose and stay]; Cal. Rules of Court, rule 4.447.)

### 5. The abstract of judgment must be amended

We asked the parties to brief the following issue. The trial court orally imposed on Mr. Newson a $10 local crime prevention programs fine (§ 1202.5, subd. (a)) "plus penalty assessment, and 20 percent state surcharge." The abstract of judgment reflects the state surcharge but not the penalties. It states in section 12, "2.00 state surcharge is imposed." However, as orally imposed ("plus penalty assessment"), in addition to the $2 state surcharge (§ 1465.7, subd. (a)), the local crime prevention programs fine is subject to: a $10 state penalty (§ 1464, subd. (a)(1)); a $7 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $5 state court construction penalty (Gov. Code, § 70372, subd. (a)(1); a $1 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); a $4 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and a $2 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1). Mr. Newson's abstract of

9

judgment must be amended to so provide.  (*People v. Rosales* (2014) 222 Cal.App.4th 1254, 1263; *People v. Hamed* (2013) 221 Cal.App.4th 928, 937-940.)

B.  Mr. Johnson's Appeal

We appointed counsel to represent Mr. Johnson on appeal.  After examination of the record, appointed appellate counsel filed a brief in which no issues were raised.  Instead, appointed appellate counsel asked us to independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.)  On May 15, 2014, we advised Mr. Johnson he had 30 days within which to submit by brief or letter any contentions or argument he wished us to consider.  No response has been received.  We have examined the entire record and are satisfied appointed appellate counsel has fully complied with her responsibilities.

We asked the parties to brief specified sentence and abstract of judgment questions.  First, the trial court failed to orally impose a specific sentence for misdemeanor evading a peace officer in violation of Vehicle Code section 2800.1, subdivision (a).  The trial court ordered:  "[T]he court will impose state prison for Count 1[, first degree residential burglary, person present,] of 4 years, *running Count 2*[, evading,] *concurrent.*"  (Italics added.)  The punishment for misdemeanor evading a peace officer is imprisonment in a county jail for not more than one year.  (Veh. Code, § 2800.1, subd. (a).)  In their letter briefs, the parties agree that the most appropriate thing for this court to do is merely modify the judgment to impose a concurrent 365-day misdemeanor sentence.  We accept the parties agreement under these limited circumstances because:  that is most likely the sentence that would be imposed; a 365-day concurrent sentence has no effect on defendant's parole eligibility; and the costs of transporting him for a perfunctory sentencing proceeding where the outcome is not in doubt are substantial.  (See *People v. Boyce* (2014) 59 Cal.4th 672, 729-730.)  Upon remittitur issuance, the judgment is to be modified to state that a 365-day concurrent sentence was imposed on the misdemeanor evading count.  In addition, the count 2

10

sentence was not included in the abstract of judgment. The misdemeanor sentence must then be included in the abstract of judgment. (See *People v. Jones* (2012) 54 Cal.4th 1, 89; *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Second, the trial court imposed a $10 local crime prevention programs fine under section 1202.5, subdivision (a), "plus a penalty assessment of 20 percent state surcharge." We read the trial court's order as imposing both the penalties and the state surcharge. The abstract of judgment includes the $10 fine and the $2 state surcharge but not the penalties. The $10 local crime prevention programs fine was subject to a total of $29 in penalties in addition to the $2 surcharge: a $10 state penalty (§ 1464, subd. (a)(1)); a $7 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $5 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)); a $1 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); a $4 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)) and a $2 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)). Upon remittitur issuance, Mr. Johnson's abstract of judgment must be amended to so provide. (*People v. Rosales, supra,* 222 Cal.App.4th at p. 1263; *People v. Hamed, supra,* 221 Cal.App.4th at pp. 937-940.)

## IV. DISPOSITION

As to Mr. Newson the order imposing a one-year enhancement pursuant to Penal Code section 667.5, subdivision (b) is reversed and the prior prison term allegation is dismissed. The judgment is affirmed in all other respects. Upon remittitur issuance, the clerk of the superior court is to amend the abstract of judgment to reflect, in connection with the $10 local crime prevention programs fine (Pen. Code, § 1202.5, subd. (a)), the following: a $10 state penalty (Pen. Code, § 1464, subd. (a)(1)); a $7 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $5 state court construction penalty (Gov. Code, § 70372, subd. (a)(1); a $1 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); a $4 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and a $2 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)).

As to Mr. Johnson, the judgment of conviction is affirmed. As to count 2, evading a peace officer in violation of Vehicle Code section 2800.1, subdivision (a), a concurrent misdemeanor sentence of 365 days is imposed. Upon remittitur issuance, the clerk of the superior court is to amend the abstract of judgment to reflect the 365-day misdemeanor sentence on count 2. And, the abstract of judgment is to be amended in connection with the $10 local crime prevention programs fine (Pen. Code, § 1202.5, subd. (a)), to include the following: a $10 state penalty (Pen. Code, § 1464, subd. (a)(1)); a $7 county penalty (Gov. Code, § 76000, subd. (a)(1)); a $5 state court construction penalty (Gov. Code, § 70372, subd. (a)(1); a $1 deoxyribonucleic acid penalty (Gov. Code, § 76104.6, subd. (a)(1)); a $4 state-only deoxyribonucleic acid penalty (Gov. Code, § 76104.7, subd. (a)); and a $2 emergency medical services penalty (Gov. Code, § 76000.5, subd. (a)(1)). The sentence is affirmed in all other respects.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


MINK, J.*

---

*    Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.