Filed 10/18/22 P. v. Reyna CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076652 |
| v. | (Super. Ct. No. RIF1900167) |
| RENE JERONIMO REYNA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Mark Mandio, Judge. Affirmed.

Jean Matulis, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland , Assistant Attorney General, Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

A jury convicted defendant and appellant Rene Jeronimo-Reyna of 11 counts of sexual child abuse, and the trial court sentenced him to 205 years to life. He contends his convictions must be reversed due to evidentiary and instructional error and that his sentence is unconstitutional. We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a family friend of the victims, Jane Doe 1 and Jane Doe 2. When Jane Doe 1 was 12 or 13 years old, she told her mother that defendant had sexually abused her many times over the years, starting when she was about six years old. She did not report his abuse sooner because she was scared.

Jane Doe 1 reported that defendant had also repeatedly abused her cousin, Jane Doe 2. Jane Doe 1's mother went to Jane Doe 2's house to ask her about defendant. Jane Doe 2 began crying and said that defendant had sexually abused her.

Jane Doe 1 and Jane Doe 2 testified at trial about the many instances of defendant's years-long abuse. Jane Doe 1 explained that defendant penetrated her with his fingers and penis, touched her breasts, and orally copulated her. Defendant also made Jane Doe 1 touch his penis and orally copulate him. On at least one occasion, defendant abused Jane Doe 1 and Jane Doe 2 together.

2

Jane Doe 2 testified that defendant sexually abused her repeatedly between the ages of nine and 13. She estimated that defendant digitally penetrated her more than a dozen times. He did not penetrate her with his penis, but he rubbed it against her vagina at least once.

A jury convicted defendant of four counts of sexual intercourse with a child 10 years of age or younger (Pen. Code § 288.7, subd. (a); counts 1, 2, 6, & 7),[1] three counts of oral copulation of a person 10 years of age or younger (§ 288.7, subd. (b); counts 3, 4, & 8), and four counts of lewd act upon a child under the age of 14 (§ 288, subd. (a); counts 5, 9, 10, & 11). The jury also found that defendant committed the offenses against more than one victim. (§ 667.61, subd. (e)(4).)

The trial court sentenced defendant to 205 years to life in state prison, consisting of consecutive sentences of 25 years to life for counts 1, 2, 6, and 7, and consecutive terms of 15 years to life for counts 3, 4, 5, 8, 9, 10, and 11.

### III.

### DISCUSSION

Defendant contends the trial court erroneously admitted expert testimony about Child Sexual Abuse Accommodation Syndrome (CSAAS) and erroneously instructed the jury with CALCRIM Nos. 1193 and 1190 and that his sentence violates the California and federal constitutions. We reject defendant's contentions and affirm the judgment.

---

[1] All further statutory references are to the Penal Code.

3

A. *CSAAS*

Defendant moved before trial to exclude the testimony from psychologist Dr. Jody Ward about CSAAS on the grounds that the People did not timely disclose him as an expert, his testimony was irrelevant, and his opinion was "inappropriate expert opinion." The trial court denied the motion, but ruled that Dr. Ward could not discuss the facts of this case.

At trial, Dr. Ward briefly testified about CSAAS generally. She explained that CSAAS is a pattern of behaviors exhibited by many, but not all children who have been sexually abused. She described the five "hallmarks" of CSAAS: secrecy, helplessness, entrapment, accommodation, delayed unconvincing disclosure, and retraction or recantation. Dr. Ward also explained that children exhibiting CSAAS often keep the abuse a secret and usually delay reporting it because they fear they will be blame or not believed, or that it will disrupt their family relationships.

Defendant now argues for the first time on appeal that Dr. Ward's testimony was prejudicial, inadmissible as scientific evidence, and violated his due process rights and right to a fair trial. Defendant forfeited these arguments by failing to assert them in the trial court. (See *People v. Seijas* (2005) 36 Cal.4th 291, 301-302; *People v. Boyette* (2002) 29 Cal.4th 381, 424.)

In any event, we reject defendant's argument on the merits. Our Supreme Court held over 30 years ago that CSAAS evidence is admissible to explain why a child victim of sexual abuse may act a certain way. (*People v. McAlpin* (1991) 53 Cal.3d 1289, 1300-

4

1301.) Since then, courts throughout the state have consistently upheld the admission of expert testimony about CSAAS similar to Dr. Ward's testimony. (See e.g., *People v. Lapenias* (2021) 67 Cal.App.5th 162; *People v. Munch* (2020) 52 Cal.App.5th 464, 468; *People v. Mateo* (2016) 243 Cal.App.4th 1063, 1069; *People v. Perez* (2010) 182 Cal.App.4th 231, 245; *People v. Sandoval* (2008) 164 Cal.App.4th 994, 1001-1002; *People v. Wells* (2004) 118 Cal.App.4th 179, 188; *People v. Yovanov* (1999) 69 Cal.App.4th 392, 406-407.) Defendant urges us not to follow these cases because several other jurisdictions have held CSAAS evidence is inadmissible. We decline to do so because we are bound by our Supreme Court's decision in *People v. McAlpin*, *supra*, 53 Cal.3d 1289.

B. *CALCRIM No. 1193*

The trial court instructed the jury with CALCRIM No. 1193, which read, "You have heard testimony from Jody Ward regarding child sexual abuse accommodation syndrome. [¶] Jody Ward's testimony about child sexual abuse accommodation syndrome is not evidence that the defendant committed any of the crimes charged against him. [¶] You may consider this evidence only in deciding whether or not Jane Does [1 and 2] conduct was not inconsistent with the conduct of someone who has been molested, and in evaluating the believability of their testimony."

Defendant contends this instruction was erroneously because it allowed the jury to consider CSAAS evidence to bolster the credibility of Dr. Ward and Jane Does 1 and 2.

5

We disagree.[2]

Several courts have rejected defendant's argument and held that CALCRIM No. 1193 was properly given where, as here, the child victims delayed reporting the defendant's abuse. (E.g., *People v. Lapenias*, *supra*, 67 Cal.App.5th at p. 175; *People v. Munch*, *supra*, 52 Cal.App.5th at p. 474; *People v. Gonzales* (2017) 16 Cal.App.5th 494, 504.) We agree with these cases and follow them here. The trial court properly instructed the jury with CALCRIM No. 1193.

C. *CALCRIM No. 1190*

The trial court instructed the jury with CALCRIM No. 1190, which provided in full: "Conviction of a sexual assault crime may be based on the testimony of a complaining witness alone." Defendant contents the trial court erred in doing so because the instruction lowered the prosecution's burden while bolstering the victims' credibility.[3] Our Supreme Court rejected the same argument 30 years ago in *People v. Gammage* (1992) 2 Cal.4th 693, 700, and held that CALCRIM No. 1190 is properly given to the jury in cases like this one. Because we are bound by this decision, we conclude the trial court did not err by giving CALCRIM No. 1190. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

---

[2] We assume without deciding that defendant did not forfeit his challenge to CALCRIM No. 1193 by failing to object to it, as the People argue.

[3] We assume without deciding that defendant did not forfeit his challenge to CALCRIM No. 1190 by failing to object to it, as the People argue.

D. *Defendant's Sentence*

Defendant argues that his 205-years-to-life sentence violates the California and federal constitutions. We disagree.

Defendant first claims that the mandatory indeterminate sentence required by section 288.7, subdivision (b) is unconstitutional on its face. Our colleagues in Division One recently rejected the same argument, and we join them in rejecting it here. (*People v. Baker* (2018) 20 Cal.App.5th 711, 722 (*Baker*).)

Defendant next argues that the mandatory indeterminate sentence required by section 667.61 is unconstitutional on its face. We agree with the multiple decisions that have rejected this argument. (See e.g., *People v. Alvarado* 87 Cal.App.4th 178, 199-201; *People v. Estrada* (1997) 57 Cal.App.4th 1270, 1277-1283; *People v. Crooks* (1997) 55 Cal.App.4th 797, 803-809.)

Defendant also claims that his sentence is so disproportionate to his convictions that it violates the California and federal constitutions' prohibitions on cruel and unusual punishment. We disagree.

"A punishment violates the Eighth Amendment if it involves the 'unnecessary and wanton infliction of pain' or if it is 'grossly out of proportion to the severity of the crime.' [Citation.] A punishment may violate article I, section 17 of the California Constitution if 'it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.'" (*People v. Retanan* (2007) 154 Cal.App.4th 1219, 1230-1231.)

"Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." (*Rummel v. Estelle* (1980) 445 U.S. 263, 272.) In *Rummel v. Estelle*, the United States Supreme Court held a life sentence for credit card fraud of $80, passing a $28.36 forged check, and obtaining $120.75 was not grossly disproportionate in violation of the Eighth Amendment. Similarly, in *Lockyer v. Andrade* (2003) 538 U.S. 63, the Court upheld two consecutive 25-years-to-life sentences imposed for two thefts of items worth less than $150. Given that the United States Supreme Court upheld these sentences for minor, non-violent property crimes, it follows that defendant's sentence for multiple sex crimes against two young victims over the course of many years does not violate the federal constitution.

Like the federal Constitution, the California Constitution also prohibits the infliction of cruel or unusual punishment. (Cal. Const., art. I, § 17.) A punishment violates the California constitutional prohibition on cruel or unusual punishment "if, although not cruel or unusual in its method, it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424 (*Lynch*), superseded by statute on other grounds as stated in *People v. Caddick* (1984) 160 Cal.App.3d 46, 51-52; *People v. Dillon* (1983) 34 Cal.3d 441, 478.) In reviewing an indeterminate sentence such as defendant's, we evaluate whether the maximum term passes constitutional scrutiny irrespective of whether and when defendant may be eligible for parole. (*Baker*, *supra*, 20 Cal.App.5th at p. 724; *Lynch*, *supra*, at pp. 416-417.)

To determine whether a sentence is unconstitutionally disproportionate under the California constitution, we apply a three-pronged approach. (*People v. Romero* (2002) 99 Cal.App.4th, 1418, 1431; *Lynch*, *supra*, 8 Cal.3d at pp. 425-429.) We (1) examine "'the nature of the offense and/or the offender, with particular regard to the degree of danger both present to society,'" (2) "compare the challenged punishment with punishments prescribed for more serious crimes in our jurisdiction," and (3) "compare the challenged punishment to punishments for the same offense in other jurisdictions." (*People v. Johnson* (2010) 183 Cal.App.4th 253, 296-297.) "Findings of disproportionality are exceedingly rare and occur only in extraordinary cases." (*People v. Wilson* (2020) 56 Cal.App.5th 128, 167.) "Only in the rarest of cases could a court declare that the length of a sentence mandated by the Legislature is unconstitutionally excessive." (*People v. Martinez* (1999) 76 Cal.App.4th 489, 494.)

When evaluating the nature of the offense at the first step, we "consider not only the offense in the abstract—i.e., as defined by the Legislature—but also 'the facts of the crime in question' [citation]—i.e., the totality of the circumstances surrounding the commission of the offense in the case at bar, including such factors as its motive, the way it was committed, the extent of the defendant's involvement, and the consequences of his acts." (*People v. Dillon*, *supra*, 34 Cal.3d at p. 479.) We also consider "the particular person before the court, and ask[] whether the punishment is grossly disproportionate to the defendant's individual culpability as shown by such factors as his age, prior criminality, personal characteristics, and state of mind." (*Ibid*.)

9

Defendant was convicted of 11 total sex offenses that he committed against two young victims across several years. The serious, prolonged nature of his offenses strongly suggests his sentence is not unconstitutional under the California constitution. (See *People v. Christensen* (2014) 229 Cal.App.4th 781, 806.)

Two aggravating factors further support this conclusion. The offenses were committed when the victims were young, so they were particularly vulnerable victims. (Cal. Rules of Court, rule 4.421(a)(3).) Defendant was a family friend of the victims and exploited their trust. (Cal. Rules of Court, rule 4.421(a)(11).) Defendant's lack of a criminal history and the fact that he may have a low likelihood of reoffending does not outweigh the serious nature of his offenses and the lifelong consequences they may have on the victims. (See *Baker*, *supra*, 20 Cal.App.5th at p. 725; *People v. Wilson*, *supra*, 56 Cal.App.5th at p. 169.)

As for the second factor, defendant argues the mandatory 25-year-to-life sentence for sexual intercourse with a child 10 years old or younger under section 288.7, subdivision (a), and the mandatory 15- or 25-year-to-life sentence under section 667.61 for acts occurring against the same victim on multiple occasions or multiple victims on a single occasion are disproportionate compared to other crimes. We disagree.

First, "'[p]unishment is not cruel or unusual merely because the Legislature may have chosen to permit a lesser punishment for another crime. Leniency as to one charge does not transform a reasonable punishment into one that is cruel or unusual.'" (*Baker*, *supra*, 20 Cal.App.5th at p. 727.) The fact that other, similar crimes are punished less

10

severely does not mean that defendant's sentence is unconstitutionally disproportionate. (*Ibid*.) The fact a violation of section 288.7, subdivision (a) or section 667.61 carries a punishment the same as or greater than that imposed for other heinous crimes against children does not make that punishment grossly disproportionate to the offense. (*Baker*, *supra*, at p. 727.) Regardless, his sentence is commensurate with how other severe sex offenses against children are punished in California. (See *id*. at pp. 730-732.)

Secondly, defendant was convicted of 11 offenses against two victims over the course of several years. His sentence is thus not comparable to a single violation of section 288.7, subdivision (b) or section 667.61. (See *People v. Wallace* (1993) 14 Cal.App.4th 651, 666-667 [283-year sentence not cruel and unusual punishment where defendant committed numerous sexual offenses]; *People v. Retanan*, *supra*, 154 Cal.App.4th 1219 [135-year to life sentence not cruel and unusual for numerous sex offenses against four girls].)

As for the third and final factor, the *Baker* court observed that many other states have imposed comparable punishment for the same offenses proscribed by sections 288.7 and 667.61. (*Baker*, *supra*, 20 Cal.App.5th at p. 731.) While California's punishment for defendant's offenses is "no doubt severe, it is not so disproportionate to the punishment imposed in other states to render [his] sentence constitutionally suspect." (*Ibid*.) Because defendant's sentence does not shock the conscience, we reject his argument that his sentence is cruel or unusual. (See *ibid*.)

11

## IV.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


CODRINGTON _____
J.

We concur:


MILLER _____
Acting P. J.


RAPHAEL _____
J.